# United States Court of Appeals for the Fifth Circuit

_____

No. 24-50127

_____

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2026

Lyle W. Cayce
Clerk

Jerry Merritt,

*Plaintiff—Appellant/Cross-Appellee*,

*versus*

Texas Farm Bureau; Texas Farm Bureau Business Corporation; Texas Farm Bureau Casualty Insurance Company; Texas Farm Bureau Mutual Insurance Company; Texas Farm Bureau Underwriters; Farm Bureau County Mutual Insurance Company of Texas; Southern Farm Bureau Life Insurance Company,

*Defendants—Appellees/Cross-Appellants*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CV-679

_____

Before Haynes, Duncan, and Ramirez, *Circuit Judges*.

Stuart Kyle Duncan, *Circuit Judge*:

Appellant Jerry Merritt seeks compensation for overtime work during his employment with Appellee Texas Farm Bureau (TFB).[1] A jury found

_____

[1] "Texas Farm Bureau" refers to a collection of several insurance companies: Texas Farm Bureau Casualty Insurance Company, Texas Farm Bureau Mutual Insurance

him not entitled to overtime pay because TFB had neither actual nor constructive knowledge of Merritt's overtime. The district court denied Merritt's post-judgment motions seeking to overturn the jury verdict. Merritt now appeals. We AFFIRM.

I

TFB employed Merritt as an Agency Manager. In this position, Merritt supervised a team of insurance agents in various TFB agencies. TFB classified all Agency Managers, including Merritt, as independent contractors. As an independent contractor, Merritt: (1) set his own schedule, (2) decided as much or as few hours he worked every day, and (3) had no obligation to track or disclose to TFB the hours he worked. TFB did not supervise Merritt's hours worked or his completion of daily tasks. Additionally, TFB compensated Merritt not on an hourly basis, but on commission for policies sold and renewed. From 2016 to 2018, he earned between $552,000 and $627,000 annually.

Merritt sued TFB in November 2019 challenging his classification as an independent contractor and seeking unpaid overtime under the Fair Labor Standards Act (FLSA) as an employee. The district court ruled on summary judgment that TFB should have classified Merritt as an employee and that he was owed at least 816 hours of overtime. The sole issue for trial was whether TFB had notice of that overtime work.

Following jury arguments, Merritt moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). The district court orally denied the motion and charged the jury with the following instruction modeled after the Fifth Circuit's pattern jury instructions: "[A]n employee

———————————————

Company, Texas Farm Bureau Underwriters, Farm Bureau County Mutual Insurance Company of Texas, and Southern Farm Bureau Life Insurance Company.

has a duty to notify his employer when he is working extra hours. . . . If the employer neither knew nor had reason to believe that overtime work was being performed, that time does not constitute hours worked." *See* Pattern Civ. Jury Inst. 5th Cir. 11.24 (2020), at 280, 284. The jury decided TFB had neither actual or constructive knowledge of Merritt's overtime. Merritt filed a Rule 50(b) renewed motion for judgment as a matter of law and an alternative Rule 59 motion to vacate and grant a new trial. Both were denied.

Merritt now appeals the denials of his Rule 50(a), Rule 50(b), and Rule 59 motions. He also appeals the district court's summary judgment decision determining how to calculate his overtime. As cross-appellant, TFB conditionally appeals various other summary-judgment rulings.

## II

We review the denial of a Rule 50 motion *de novo*, asking "'whether a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Carter v. Loc. 556, Transp. Workers Union of Am.*, 156 F.4th 459, 478 (5th Cir. 2025) (quoting *Nobach v. Woodland Vill. Nursing Ctr., Inc.*, 799 F.3d 374, 377–78 (5th Cir. 2015)). We afford the jury verdict "great deference . . . , viewing all the evidence and drawing all reasonable inferences in the light most favorable to the verdict." *Thomas v. Tex. Dep't of Crim. Just.*, 220 F.3d 389, 392 (5th Cir. 2000).

We review the denial of a Rule 59 motion for a new trial for an abuse of discretion. *Harmon v. Collier*, 158 F.4th 595, 607 (5th Cir. 2025) ("The district court abuses its discretion by denying a new trial only when there is an absolute absence of evidence to support the jury's verdict." (quoting *Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 614 (5th Cir. 2018))).

No. 24-50127

III

TFB and Merritt agree that, throughout his employment, Merritt was classified as an independent contractor paid on commission with no obligation to report hours worked. Despite that, we proceed on the assumption that the district court correctly decided Merritt was *not* an independent contractor, but an employee. Merritt presents three arguments in support of his contention that the district court erroneously denied his Rule 50 and 59 motions. Each fails.

A

First, Merritt cites the FLSA's definition of "employ," which means "to suffer or permit to work." 29 U.S.C. § 203(g). He contends TFB owes him overtime pay because it "suffered" or "permitted" him to work as much as he wanted. Because TFB permitted Merritt to work unlimited hours, Merritt argues TFB's knowledge of his overtime work is irrelevant.[2]

This argument fails. Allowing Merritt to work as much as he pleased cannot mean TFB automatically owes Merritt for any time he happened to work overtime, regardless of TFB's knowledge of those overtime hours. We have never held that an employer's knowledge of overtime work is irrelevant merely because it permits an employee to work as much (or as little) as he pleases. Rather, we have consistently required employees claiming an entitlement to overtime pay to prove their employer's "knowledge, actual or constructive, that [the employees] w[ere] working" overtime. *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995); *Loy v. Rehab Synergies, L.L.C.*,

---

[2] TFB argues Merritt has waived this argument. Because we reject Merritt's argument on the merits, we need not address waiver.

71 F.4th 329, 337 (5th Cir. 2023); *White v. Patriot Erectors, L.L.C.*, No. 23-50524, 2024 WL 3181455, at *4 (5th Cir. June 26, 2024).

Those precedents foreclose Merritt's argument, which the district court correctly rejected.

B

Next, Merritt argues the district court incorrectly ruled that TFB lacked constructive knowledge of his overtime. Constructive knowledge exists if an employer "had the 'opportunity through reasonable diligence to acquire knowledge.'" *Brennan v. Gen. Motors Acceptance Corp.*, 482 F.2d 825, 827 (5th Cir. 1973) (quoting *Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508, 512 (5th Cir. 1969)). Merritt argues TFB had constructive knowledge because it made "no effort" to record Merritt's time despite an alleged legal requirement to do so. This lack of a timekeeping system, he argues, amounts to "constructive knowledge" because it shows TFB's failure to exercise "reasonable diligence" to find out about his overtime. Merritt adds he had no "common-law" duty to notify TFB of his overtime; his only duty was to comply with TFB's timekeeping system, a system that did not exist.

We disagree. First, it was Merritt's burden to show TFB knew he was working overtime. *See Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009) ("[A]n employee must prove that he was 'employed' during the time for which he seeks overtime compensation, which requires a showing that the employer had either actual or constructive knowledge that he was working overtime." (quoting *Newton*, 47 F.3d at 748)). To say that TFB's lack of a timekeeping system equals constructive knowledge of overtime would incorrectly flip Merritt's burden onto TFB. We decline to do so.

Moreover, we have never held that an employer's failure to maintain a timekeeping system in itself constitutes constructive knowledge of an

employee's overtime work. The cases Merritt cites do not support this proposition. They teach only that constructive knowledge can be based on how the business operates. *See Brennan*, 482 F.2d at 827–28 (finding constructive knowledge when supervisors encouraged employees to report artificially low overtime hours); *U.S. Dep't of Lab. v. Five Star Automatic Fire Prot., L.L.C.*, 987 F.3d 436, 444 (5th Cir. 2021) (finding constructive knowledge when supervisor instructed or implied that employees should not record overtime hours).

As noted, TFB permitted Agency Managers like Merritt to work autonomously, without direct daily supervision and in a different location from TFB management. TFB did not require Agency Managers to track their time, nor did it pay them hourly. Consequently, TFB had no reason to think of Merritt's labor in terms of regular versus overtime hours. Accordingly, we cannot conclude the district court erred by finding a lack of reasonable diligence on TFB's part simply because it did not maintain a timekeeping system.

C

Finally, Merritt argues the district court erroneously charged the jury with the "misleading" and "misguided" instruction that Merritt had a duty to notify TFB he was working overtime.

We again disagree. The district court's jury charge was modeled after the Fifth Circuit's pattern jury instructions. The court did not err in doing so. *See United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009) ("It is well-settled that a district court does not err by giving a charge that tracks this Circuit's pattern jury instructions and that is a correct statement of the law."). Merritt cites no authority to support his argument that the jury charge incorrectly stated Fifth Circuit law.

No. 24-50127

## IV

The district court's denial of Merritt's post-judgment motions is AFFIRMED.[3]

---

[3] As a result, we need not address Merritt's alternative arguments related to the correct overtime multiplier, nor need we address TFB's conditional cross-appeals.